UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLO PIERRE, <br><br> Petitioner, <br><br> v. <br><br> SEAN MEDEIROS, <br><br> Respondent. | Civil Action No. 16-11843-NMG |

REPORT AND RECOMMENDATION ON MOTION TO
REINSTATE PETITION FOR WRIT OF HABEAS CORPUS
[Docket No. 58]

May 2, 2018

Boal, M.J.

On September 9, 2016, pro se petitioner Carlo Pierre filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (the "Petition"). Docket No. 1. On December 11, 2017, this Court issued a report recommending denial of the Petition, which the District Court adopted on April 13, 2018. Docket Nos. 52, 53.

On April 27, 2018, Pierre filed a letter requesting that the Court treat it as a "motion for reinstatement of my petition for writ of habeas corpus with an order to file said Memorandum of Law forty days upon my receipt of your order." Docket No. 58.[1] It is not entirely clear what Pierre seeks or the basis for his request. In another letter to the Court, Pierre stated that he was not certain regarding the basis for the dismissal of his Petition and asks the Court why it "did not require that I file a memorandum of law in support of my petition?" Docket No. 56. However,

---

[1] The District Court referred the motion to the undersigned on April 30, 2018. Docket No. 59.

1

*Report and Recommendation, accepted and adopted. s/NMGorton, USDJ 6/22/18*

Pierre in fact filed two memoranda of law in support of his petition, in which he addressed his sole claim[2] and which the Court read and considered. Docket Nos. 36, 44. Pierre has provided no basis to reinstate his Petition.

To the extent that Pierre seeks reconsideration of the Court's decision, he has also failed to provide any basis for doing so. Accordingly, the Court recommends that the District Judge assigned to this case deny Pierre's motion for reinstatement.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[2] Pierre's Petition raised only one claim: that the prosecution's failure to disclose uncharged allegations of digital rape violated the rule of Brady v. Maryland, 373 U.S. 83 (1983). Docket No. 1. at 5.